# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY ALLEN, | No.  1:22-cv-00500-KES-FRS (BAM) (PC) |
| Plaintiff, | ORDER GRANTING EXTENSION OF TIME TO FILE OBJECTIONS TO FINDINGS AND RECOMMENDATIONS |
| v. | |
| ONG, et al., | (ECF Nos. 20, 21) |
| Defendants. | **THIRTY (30) DAY DEADLINE** |

Plaintiff Tony Allen ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On January 20, 2026, the undersigned screened Plaintiff's first amended complaint and found that it failed to state a cognizable claim for relief.  (ECF No. 19.)  The undersigned therefore recommended that this action be dismissed based on Plaintiff's failure to state a cognizable claim upon which relief may be granted.  Plaintiff was directed to file any objections to the findings and recommendations within fourteen days.  (*Id.* at 9.)

Currently before the Court are Plaintiff's motions for a thirty-day extension of time to file his objections, filed February 9, 2026 and February 10, 2026.  (ECF Nos. 20, 21.)  Plaintiff requests the extension to research and file his objections, and states that he believes that a second amended complaint can cure the first amended complaint.  (ECF No. 20.)  Plaintiff reiterates the allegations from his first amended complaint and also alleges for the first time that Defendants

1

were required to follow the consent decrees in *Plata* and *Armstrong*, and failed to do so.  Plaintiff further alleges that he continues to report serious pain as a result of Defendants' actions.  Plaintiff therefore "asks that his objections be granted, and the Court allows Plaintiff to file a [second amended complaint], in the interest of justice." (*Id.* at 5.)  Plaintiff further states that he anticipates the second amended complaint can and will be filed by March 2, 2026.  (ECF No. 21.)

Based on a review of Plaintiff's filings, it is not clear whether Plaintiff is requesting an extension of time to file further objections to the findings and recommendations, or whether the filings are intended to be Plaintiff's objections as well as a request to file a second amended complaint.  In an abundance of caution, and in light of the titles of the documents, the Court construes the motions as requests for a continuance to file objections.  The Court finds good cause to grant the requested extension of time, in order for Plaintiff to research and file his objections to the January 20, 2026 findings and recommendations.

To the extent the filings are also intended as motions requesting leave to file a second amended complaint, that request is denied, without prejudice.  Plaintiff has already been permitted an opportunity to amend his complaint to state a cognizable claim.  After being provided with the applicable pleading and legal standards, Plaintiff's first amended complaint failed to state a cognizable claim, the Court did not find that further leave to amend was warranted, *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000), and the findings and recommendations did not give Plaintiff the option to file a further amended complaint.

Moreover, to the extent Plaintiff contends that a second amended complaint will cure the deficiencies of the first amended complaint by raising claims pursuant to the *Armstrong* and *Plata* remedial plans, the Court notes that "a remedial court order, standing alone, cannot serve as the basis for liability under 42 U.S.C. § 1983 because such orders do not create rights, privileges or immunities secured by the Constitution and laws of the United States.  Thus, *Plata* by itself does not provide any substantive right on which plaintiff can rely. . . ." *Thomas v. Alameda County*, 2015 WL 1201290, at *3 (N.D. Cal. Mar. 16, 2015) (citation and internal quotation marks omitted).  If Plaintiff wishes to pursue a damages claim, Plaintiff must allege facts sufficient to support a claim that Defendants violated federal law, not merely that Defendants violated a

remedial plan. *See Frost v. Symington*, 197 F.3d 348, 353 (district court characterized inmate's damages claim as one alleging violations of his First Amendment rights as opposed to alleging a breach of consent decree); *Coleman v. Wilson*, 912 F. Supp. 1282, 1294 (E.D. Cal. 1995) (resolution of issues in *Gates v. Deukmejian*, No. CIV S87-1636 LKK JFM, 1988 WL 92568 (E.D. Cal. 1988) governed by *Gates* consent decree while issues in instant case governed by standards applicable to claims brought under Eighth Amendment)). Thus, Plaintiff has presented no argument warranting the filing of a further amended complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for extension of time to file any **objections** to the January 20, 2026 findings and recommendations, (ECF Nos. 20, 21), are GRANTED;

2. Plaintiff's objections to the January 20, 2026 findings and recommendations, (ECF No. 19), are due within **thirty (30) days** from the date of service of this order; and

3. **Plaintiff may <u>not</u> file an amended complaint in response to this order.**

IT IS SO ORDERED.

Dated:   **February 10, 2026**                    /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE

3