UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY ALLEN,<br>Plaintiff,<br>v.<br>ONG, et al.,<br>Defendants. | Case No. 1:22-cv-00500-KES-FJS (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br>(Doc. 23)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br>(Doc. 19) |

Plaintiff Tony Allen is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 20, 2026, the assigned magistrate judge screened the first amended complaint and issued findings and recommendations recommending that this action be dismissed based on plaintiff's failure to state a cognizable claim upon which relief may be granted. Doc. 19. On February 9 and 10, 2026, plaintiff filed requests for an extension of time to file his objections to the findings and recommendations, as well as a possible request to file a second amended complaint. Docs. 20, 21. On February 10, 2026, the magistrate judge granted the request for extension of time as to plaintiff's objections. Doc. 22. To the extent the filings requested leave to file a second amended complaint, the magistrate judge denied the request, finding that plaintiff had presented no argument warranting the filing of a further amended complaint. *Id.* Plaintiff was directed to file any objections to the findings and recommendations within thirty days; the order also directed plaintiff not to file an amended complaint. *Id.*

On March 4, 2026, plaintiff filed a "Motion for Reconsideration of the Court's Ruling

Dated 10 Feb 2026, Based on Judicial Misconduct of Racial Discrimination."[1] Doc. 23. Plaintiff further argued that he has a right to file his attached second amended complaint, which would cure the deficiencies in his complaint. *Id.*

Plaintiff has not established any basis for reconsideration of the magistrate judge's February 11, 2026 order. Furthermore, having reviewed the proposed second amended complaint, the court finds that it does not cure the deficiencies identified by the magistrate judge. To the extent plaintiff raises new arguments relating to alleged violations of the *Armstrong* and *Plata* remedial plans, the magistrate judge correctly found that such remedial orders, standing alone, do not provide a basis for liability in an action pursuant to 42 U.S.C. § 1983. *See* Doc. 22.

In accordance with 28 U.S.C. § 636(b)(1), this court has conducted a de novo review of this case. Having carefully reviewed the file, including plaintiff's objections/motion for reconsideration and plaintiff's proposed second amended complaint, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly:

1. Plaintiff's motion for reconsideration, Doc. 23, is denied;
2. The findings and recommendations issued on January 20, 2026, Doc. 19, are adopted in full;
3. This action is dismissed, with prejudice, for failure to state a cognizable claim upon which relief may be granted; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: September 17, 2026

[signature]

UNITED STATES DISTRICT JUDGE

[1] Out of an abundance of caution, the court has evaluated plaintiff's motion for reconsideration (Doc. 23) both as a motion for reconsideration and as objections to the findings and recommendations.